IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMON DEAN RICHARDS,

     Plaintiff,

v.

                           CASE NO. 4:12-cv-615-RH-GRJ

KENNETH TUCKER, SECRETARY,
DEPARTMENT OF CORRECTIONS, et al.,

     Defendants.

_____/

# O R D E R

This matter is before the Court on Plaintiff's *pro se* complaint pursuant to 42
U.S.C § 1983.  (Doc. 1.)  From a review of the Complaint, it is evident the facts as
presented fail to state a claim upon which relief can be granted with respect to certain
of the claims Plaintiff wishes to bring.  Plaintiff will therefore be given an opportunity to
amend his Complaint.

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Kenneth
Tucker, Secretary of the Department of Corrections; G. Wellhausen, Warden Greg
Riska, and a John Doe defendant who worked in the mailroom at Hamilton CI.  Plaintiff
alleges that a friend of his who lives in England requested a bookstore to send Plaintiff
two books.  Plaintiff asserts that these books were not delivered to him but instead
returned to the bookstore, due to a prison policy stating that all materials sent to
inmates must be sent through the United States Postal Service.  Plaintiff alleges that
this policy, and the actions of the defendants in rejecting his mail, violated his First
Amendment rights.  Plaintiff seeks monetary damages and court costs.  (Doc. 1.)

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). The Plaintiff must allege facts showing an affirmative causal connection between each specific Defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).

Plaintiff's claims against Defendant Tucker arise from his assertion that Defendant Tucker maintained a custom or policy of improperly withholding international mail from prisoners, in violation of Plaintiff's First Amendment rights. Plaintiff has stated a claim for relief against Defendant Tucker and this claim will be permitted to proceed.

With respect to the claims against Defendants Wellhausen and Riska, however, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges that he filed grievances related to the mail issue, and that Defendant Riska denied the grievance at the institutional level and that Defendant Wellhausen denied the grievance appeal at the Secretary level. "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009). Accordingly, Plaintiff is directed to delete his claims against Defendants Wellhausen and Riska in an amended complaint.

Finally, Plaintiff brings a claim against Defendant "John Doe," whom he alleges was a mailroom official who returned Plaintiff's books to the English bookstore. Plaintiff has not identified this defendant by name. Plaintiff is advised that it is incumbent upon

him to ascertain the identity of the unidentified defendant so that he may be served. Plaintiff must make additional efforts to identify this defendant before the Court can direct service of this action. If a "John Doe" defendant cannot be identified sufficiently in order to summon that individual to appear, dismissal of that defendant from this action may be warranted. *See* Fed. R. Civ. P. 4(m); *Wayne v. Jarvis,* 197 F.3d 1098 (11th Cir. 1999).

Because Plaintiff is proceeding *pro se,* the Court will afford Plaintiff an opportunity to amend his complaint to delete Defendants Wellhausen and Riska, and to identify the John Doe defendant. To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "First Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's factual allegations and should not in any way refer to any previous version of the complaint.

Accordingly, it is **ORDERED** that:

1. **On or before March 14, 2013**, Plaintiff shall seek to determine the identity of the John Doe defendant.[1] If Plaintiff determines the identity of the defendant, he shall identify him by name in a notice to the Court. If Plaintiff is unable to ascertain the individual's identity, he shall inform the Court, in a sworn affidavit, of the steps taken to discover the individual's identity. Additionally, he shall provide a physical description of the unidentified defendant and, to the extent he has not already done so, the shift that he worked.

2. The Clerk is directed to send Plaintiff a blank prisoner civil rights complaint form. Plaintiff shall fully complete the complaint form. In amending his complaint, Plaintiff shall not refer back to the original complaint or incorporate any part of that complaint by reference. Plaintiff shall file the amended

---

[1]Inmates in other actions have successfully identified defendants by submitting an inmate request or grievance with a copy of this order to an appropriate official. If Plaintiff has previously exhausted his administrative remedies as to his allegations in the instant suit, those grievances, appeals, etc., might also be of assistance in identifying the names of defendants.

complaint, together with an identical copy for each Defendant, **on or before March 14, 2013.**

3.  Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 13th day of February 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge